# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV127
## (1:02CR4)

| | |
|---|---|
| HARRY NOLAN MOODY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Respondent's motion to dismiss and the Petitioner's motion to strike the Respondent's Answer to the Petitioner's Motion to Vacate. In the interest of judicial economy, the Court will convert the Respondent's motion to dismiss to one for summary judgment pursuant to Fed. R. Civ. P. 56, and provide the Petitioner with the opportunity to respond thereto.

In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion for summary judgment. Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if the Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented by the Petitioner to this Court within thirty (30) days from the date of this Order. As stated by Rule 56(e), Petitioner's failure to respond may result in the action being summarily dismissed.

**IT IS, THEREFORE, ORDERED** that the Respondent's motion to dismiss is hereby converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**IT IS FURTHER ORDERED** that the Petitioner is allowed thirty (30) days from the date this Order is filed within which to respond, in accordance with the provisions of Fed. R. Civ. P. 56(e) to Respondent's motion to dismiss.

**IT IS FURTHER ORDERED** that the Petitioner's motion to strike the Respondent's answer is hereby **DENIED**.

Signed: July 20, 2007

Lacy H. Thornburg
United States District Judge