**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00004-MR-4**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **HARRY NOLAN MOODY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 302]. The Government opposes the Defendant's motion. [Doc. 306].

## I.    BACKGROUND

In July 2002, the Defendant Harry Nolan Moody was convicted following a jury trial of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. [Docs. 6, 154]. The jury found that the amount of a mixture or substance containing methamphetamine attributable to the Defendant exceeded 50 grams. [Doc. 154]. The Court sentenced the Defendant to 360 months' imprisonment, to be followed by eight years of supervised release. [Doc. 208].

The Defendant has now served 18 years and 4 months (220 months or 61%) of that sentence. According to the Bureau of Prisons website, his projected release date is September 13, 2027.[1] The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 302]. Specifically, the Defendant argues that his age and underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.].

## II.    DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).  The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of FCI Edgefield on

---

[1] See https://www.bop.gov/inmateloc/ (last visited June 11, 2020).

January 10, 2020, which was denied.  [Doc. 302-2 at 4].  He appealed that

decision, but his appeal was denied on April 28, 2020.  [Doc. 302-2 at 100].

As the Defendant appears to have exhausted his administrative remedies,

the Court will proceed to address the merits of his motion.[2]

As is relevant here, the Court may reduce a defendant's sentence

under § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" if "such

reduction is consistent with applicable policy statements issued by the

Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also

consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such

factors are applicable.  Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's

policy statement applicable to compassionate release reductions.[3]  See

---

[2] The request to which the Defendant refers, however, does not rely in any way upon Defendant's potential vulnerability to COVID-19. [Doc. 302-2 at 4].  In the interest of judicial economy the Court will, nonetheless, treat the present motion as being properly predicated upon that request to BOP.

[3] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

U.S.S.G. § 1B1.13.  As is pertinent here, this policy statement provides that

the Court may reduce a term of imprisonment after considering the § 3553(a)

factors if the Court finds that (1) "[e]xtraordinary and compelling reasons

warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of

any other person or to the community, as provided in 18 U.S.C. § 3142(g);"

and (3) "[t]he reduction is consistent with this policy statement."  U.S.S.G. §

1B1.13.

The application note to § 1B1.13 specifies the types of circumstances

that qualify as "extraordinary and compelling reasons."  First, the defendant's

medical condition can qualify as a basis for relief if the defendant is  "suffering

from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic

lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia,"

U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  The defendant's medical condition can

also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical
> condition,
>
> (II) suffering from a serious functional or cognitive
> impairment, or
>
> (III) experiencing deteriorating physical or mental
> health because of the aging process, that
> substantially diminishes the ability of the defendant
> to provide self-care within the environment of a

correctional facility and from which he or she is not
expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant asserts that his age and his underlying health conditions place him at a higher risk for severe illness resulting from COVID-

5

19.  The Defendant is 66 years old.  He states that he is a former smoker

who still experiences shortness of breath and has been told by medical staff

that he was "in the first stages of emphysema."  [Doc. 302-1 at 11].  The

Defendant further alleges that he has "high 'uncontrolled' blood pressure," at

least one hernia, Chilaiditi syndrome (a syndrome resulting in colonic

interposition between the liver and diaphragm), and "significant back and

abdominal pain" for which he occasionally has been prescribed painkillers.

[Id.].

The medical conditions identified by the Plaintiff do not constitute an

extraordinary and compelling reason to reduce the Plaintiff's sentence.  First,

with respect to the Plaintiff's history of smoking, the BOP medical records

provided to the Court make no mention of any diagnosis of emphysema or

any other significant compromise of lung function or capacity arising from his

former habit.[4]  [See Doc. 306-1; see also Doc. 308 at 3 (noting scarring in

lingula but that lungs were "otherwise clear")].  Further, the Defendant made

no mention of any smoking-related complications in his first compassionate

---

[4] The record is unclear as to when the Plaintiff quit smoking, but as the Government points out, BOP discontinued the sale and inmate use of both smoke and smokeless tobacco products in its institutions in 2006.  [Doc. 306 at 10 (citing 28 C.F.R. § 551.62)].  The Defendant has been incarcerated in BOP since 2002, and thus presumably, he has not had access to tobacco products for over 14 years.

6

release request to the Warden at FCI Edgefield. [Doc. 302-2 at 4]. Second, while the Defendant cites "uncontrolled" high blood pressure as another risk factor, his BOP medical summary reflects that this condition is being properly controlled with medication. [Doc. 306-1]. And again, the Defendant did not cite hypertension as a basis for his initial compassionate release request to the Warden.[5] [Doc. 30-2 at 4].

While the Court does not intend to diminish the seriousness of the Defendant's medical conditions, the Court notes that the Defendant has not shown that any of these conditions are terminal or substantially diminish his ability to provide self-care while in prison. The only factor that appears to distinguish the Defendant from other BOP inmates with regard to COVID-19 susceptibility is that he is 66 years old. However, the Defendant's age, standing alone, is not an extraordinary and compelling reason to reduce his sentence. As the application note to § 1B1.13 explains, a defendant's age may justify a reduction in sentence if the defendant is at least 65 years of age, has served 10 years or 75 percent of his sentence, *and* is experiencing

---

[5] While the Defendant identifies other ailments, he does not purport that any of these conditions render him more susceptible to the virus, and the Court notes that none of these other ailments are terminal conditions or conditions that substantially diminish the Defendant's ability to provide self-care.

a serious deterioration in physical or mental health because of the aging process.  U.S.S.G. 1B1.13, cmt. n.1(B).  While the Defendant meets the first two of these criteria, he has failed to show that he is experiencing a serious deterioration in physical or mental health due to age.  Accordingly, the Defendant's age does not constitute an extraordinary and compelling reason to justify his release.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release.  As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[6]  This is especially true where, as here, the Defendant is housed at a facility that to date has no confirmed cases among its staff or inmate population.[7]

---

[6] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[7] See https://www.bop.gov/coronavirus (last visited June 21, 2020).

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant has an extensive criminal history, including multiple convictions for drug possession, assault, breaking & entering/burglary-type offenses, escaping from jail or prison, and revocations of probation. [See Doc. 287 at 8-23]. He was designated as a "career offender" under U.S.S.G. § 4B1.1, but he did not need that guideline to increase his Criminal History Category to VI, as his criminal history score was 21, more than 60% over what he needed to obtain the highest category

without application of the career offender guideline.  [Id. at 23].  Moreover, the Defendant's offense of conviction involved the operation of two separate homemade methamphetamine laboratories that produced a significant amount of methamphetamine.  [Id. at 5-6].  The Defendant cooked meth with his wife, Donna, and his daughter and her boyfriend.  [Id.].  This daughter, Michelle Moody, appears to be the same person with whom the Defendant proposes to live upon release.  [Doc. 302-1 at 31; Doc. 302-2 at 14].  Considering these circumstances, the Court concludes that a reduction of sentence would not reflect the seriousness of the Defendant's offense, would not promote respect for the law, would not provide just punishment, would not afford adequate deterrence, and would not protect the public from the Defendant's further crimes.

For all these reasons, the Defendant's motion for a sentence reduction is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 302] is **DENIED**.

**IT IS SO ORDERED.**     Signed: June 23, 2020

Martin Reidinger
Chief United States District Judge