THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:02-cr-00004-MR-4

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| HARRY NOLAN MOODY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Motion to Appoint Counsel filed by the Federal Public Defender [Doc. 329] and counsel's Response to the Court's Order of September 26, 2022 [Doc. 332].

In this matter, counsel seeks to be appointed to represent the Defendant regarding a motion for compassionate release, notwithstanding the fact that another attorney in counsel's defender organization previously represented one of the Defendant's co-defendants in this matter. Counsel has now provided to the Court information regarding the nature of such prior representation and how it is unrelated to the present motion, thus at least implying that no prior confidential communication of the co-defendant could be breached. Therefore, the Court will allow counsel's request and will

receive his Supplemental Memorandum [Doc. 330] that was previously filed. Counsel is cautioned, however, that undertaking representation and filing documents before being appointed in circumstances where the appropriateness of such representation may be reasonably questioned is not a practice that the Court would encourage.

Upon review of counsel's Response [Doc. 332], the Court is satisfied that the Defender's proposed representation of the Defendant in pursuing compassionate release does not present a conflict of interest under the North Carolina ethical rules. Further, upon review of the motion for appointment, the Court finds that good cause exists for such appointment. Accordingly, the motion will be granted.

**IT IS, THEREFORE, ORDERED** that the Motion to Appoint Counsel [Doc. 329] is **GRANTED**, and the Federal Public Defender is hereby appointed as counsel to represent the Defendant in seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), Section 603(b) of the First Step Act of 2018, and United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

**IT IS FURTHER ORDERED** that the Government shall have fourteen (14) days from the entry of this Order to respond to the Defendant's Supplemental Memorandum on Remand [Doc. 330].

**IT IS SO ORDERED.**

Signed: November 3, 2022

Martin Reidinger
Chief United States District Judge